# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE            )
                             )
                             )
v.                           )        Case ID Nos.: 1704012772
                             )                      1705002012
                             )
GARY STEADMAN                )
                             )
Defendant.                   )

## ORDER

**AND NOW TO WIT**, this 14th day of December, 2018, upon consideration of Defendant Gary Steadman ("Defendant")'s Motion for Modification/Amendment of Sentence under Superior Court Criminal Rule 35, the sentence imposed upon Defendant and the record in this case, it appears to the Court:

1.    On January 5, 2018, Defendant pled guilty to three felonies for drug dealing. Specifically, he accepted a plea to two counts of Drug Dealing Tier 4 Heroin and one count of Drug Dealing Tier 2 Heroin. The three counts of Drug Dealing relate to separate offenses that took place on separate occasions, alleged to have occurred on March 4, 2017 (Tier 2), March 23, 2017 (Tier 4), and May 2, 2017 (Tier 4).

2.    On May 25, 2018, on each count of Drug Dealing Tier 4, Defendant was sentenced to 25 years, suspended after the minimum mandatory of two years, followed by various levels of probation. As to Drug Dealing Tier 2, Defendant was

sentenced to 15 years at Level V, suspended after one year, also followed by probation. The Level V sentences are ordered to run consecutively for a total unsuspended five years of incarceration.

3. Defendant files the present motion under Superior Court Criminal Rule 35(b) requesting reduction of his Level V term, and seeks to have his sentences run concurrently under 11 *Del. C.* § 3901(d).[1] Defendant argues reduction is warranted because he: (1) has remorse for his actions; (2) has "employment" opportunities with his CDL (commercial driver's license) and a strong work history; (3) had "ineffective counsel" raising issues related to an investigation by the Delaware Bar Association regarding his defense counsel; and (4) claims he was improperly re-indicted and sentenced twice for the same crime such that the State failed to merge his charges under 16 *Del C.* § 4766.[2]

4. The Court first examines Defendant's fourth ground for relief under Rule 35(a) regarding his claim that he was illegally sentenced. Under Rule 35(a), the Court "may correct an illegal sentence at any time."[3] Rule 35(a) applies in limited situations where the sentence imposed: exceeds its statutorily-authorized limits, violates double jeopardy, "is ambiguous with respect to the time and manner

---

[1] Def.'s Mot. at 2.

[2] *Id.*

[3] DEL. SUPER. CT. CRIM. R. 35(a). Defendant's Motion was filed on August 10, 2018.

2

in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize."[4]   Under Rule 35(a), the "narrow function" is to correct illegal sentences, "not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence."[5]

5.    The record is clear that Defendant was not illegally sentenced.  The State confirmed that Defendant was not re-indicted, but rather indicted once on July 24, 2017.[6]  As charged in the indictment, the first count of Drug Dealing Tier 4 alleged that the offense occurred on March 23, 2017, and the second on May 2, 2017.[7]  Thus, the sentences do not implicate double jeopardy as Defendant was indicted on, pled to, and sentenced on two separate and distinct counts of Drug Dealing that occurred on separate dates, not required to be merged under 16 *Del. C.* § 4766.  Thus, Defendant does not establish a claim for relief under rule 35(a) where his sentence does not exceed a statutory maximum, is neither ambiguous nor contradictory, and does not violate double jeopardy.

---

[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998) (citations omitted). *See, e.g., Ellerbe v. State*, 155 A.3d 1283, 2017 WL 462144, at *1 (Del. Feb. 2, 2017) (TABLE).

[5] *Brittingham*, 705 A.2d at 578 (quoting *Hill v. United States*, 368 U.S. 424, 430 (1962)).

[6] State's Resp. ¶ 10.

[7] D.I. #3 (July 24, 2017) (IN17-05-0628 or Count VII and IN17-05-1391 or Count XII).

6.      Defendant's third ground for relief under Rule 35(a) claims ineffective assistance of counsel.  This ground is not cognizable under Rule 35(a) because it falls outside the limited scope and purpose of Rule 35.[8]  An ineffective assistance of counsel claim may be brought under Rule 61 as a post-conviction motion but will not be considered as a basis for modification/reduction of sentence under Rule 35.[9]

7.      Lastly, Defendant claims remorse and employment opportunities are sufficient reasons why this Court should modify his Level V time to run concurrently rather than consecutively, as ordered.  Under Rule 35(b), the Court "may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed."[10]  Under Rule 35(b), a sentence may be reduced, "without regard to the alter its judgment[]" when a Rule 35(b) motion is timely filed within ninety days.[11]  The purpose for this rule "is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[12]

---

[8] *Cochran v. State*, 935 A.2d 255, 2007 WL 2812870, at *2 (Del. Sept. 28, 2007) (TABLE) (citing *Brittingham*, 705 A.2d 578). *See also Glenn v. State*, 829 A.2d 936, 2003 WL 21714083, at *1 (Del. July 21, 2003) (TABLE) (citations omitted).

[9] *Cochran*, 2007 WL 2812870, at *2. (holding that Superior Court properly denied ineffective assistance of counsel claim brought under Rule 35(a)).

[10] DEL SUPER. CT. CRIM. R. 35(b).

[11] *State v. Johnson*, 2015 WL 3880586, *1 (Del. Super. June 24, 2015) (citing *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014)).

[12] *State v. Bradley*, 2015 WL 3863243, at *2 (Del. Super. June 22, 2015) (quoting *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. Dec. 31, 2014)).

4

8.    Here, Defendant timely filed his Motion so it is not procedurally barred by the ninety-day rule.[13]  Also, he is correct that 11 *Del. C.* § 3901(d)[14] now allows the imposition of some offenses that carry minimum mandatory incarceration to be served concurrently.  Nevertheless, Defendant's remaining grounds for this relief are without merit.

9.    This sentence was imposed pursuant to a Plea Agreement between Defendant and the State.[15]  Defendant acknowledged in his Truth-In-Sentencing Guilty Plea Form that the total consecutive maximum penalty he faced was sixty-five years of incarceration; two to twenty-five for each Drug Dealing Tier 4 and up to fifteen years for Drug Dealing Tier 2.  The record establishes that he understood that he was pleading to two separate counts of Drug Dealing Tier 4, which carried a minimum mandatory incarceration period of two years for each, and the plea agreement signed by Defendant expressly states that the incarceration periods would be served consecutively.  As a result of the plea agreement, Defendant also obtained the benefit that the State dismissed his then pending fourteen charges.  Although

---

[13] Defendant's Rule 35 motion was filed by the Prothonotary on August 10, 2018, which is within 90 days of his May 25, 2018 sentencing.

[14] 11 *Del. C.* § 3901(d) (2014).

[15] DEL. SUPER. CT. CRIM. R. 11(e).

there may have been some issue related to one pending matter, the Court has confirmed that there are no pending matters.

10. Remorse and employment prospects are not sufficient bases for relief under Rule 35(b). And although 11 *Del. C.* § 3901(d) now gives the Court the discretion to impose Defendant's sentences to be served concurrently, no information was provided to the Court that would warrant a modification of Defendant's sentence at this time. Defendant's sentence is appropriate for the reasons stated above and at the time of sentencing.

For the foregoing reasons, Defendant's Motion for Modification of his Sentence is **DENIED**.

_____
Vivian L. Medinilla
Judge

oc: Prothonoatry
cc: Defendant
    Joseph Benson, Esquire
    Amanda Diliberto, Deputy Attorney General
    Office of Investigative Services

6